JOURNAL ENTRY and OPINION
{¶ 1} Defendants-appellants, Morgan Stanley Dean Witter Commercial Financial Services, Inc., Dean Witter Reynolds, Inc., Linda Cain, Timothy Adkins, George Kohler and Cindy DeLeo, appeal from orders of the Cuyahoga County Common Pleas Court entered January 28 and 30, 2004. They claim these orders denied their motions to compel arbitration and to stay proceedings. However, we find that the common pleas court's orders only denied appellants' motions to stay discovery and set the motions to compel arbitration for hearing. The denial of appellant's motions to stay discovery was not a final appealable order. Therefore, we dismiss this appeal.
 {¶ 2} The record reflects that plaintiff-appellee, Bruce W. Marks, was employed by Morgan Stanley Dean Witter Commercial Financial Services, Inc. ("Morgan Stanley") and its predecessor, Dean Witter Reynolds, Inc. ("Dean Witter") as an account executive from June 1999 until his termination in May 2002. In June 2003, Marks filed a 15-count complaint which asserted several employment-related claims against Morgan Stanley, Dean Witter and his supervisors. This complaint was amended twice, and included claims for discrimination, breach of contract, promissory estoppel, unjust enrichment, fraud, intentional infliction of emotional distress, conversion, invasion of privacy, interference with business relationships, violation of securities laws, defamation, declaratory judgment, a request for an accounting and the establishment of a constructive trust.
 {¶ 3} In August 2003, Marks filed a separate complaint to enjoin arbitration of a claim for indemnification which Morgan Stanley had made against Marks in connection with a proceeding which a client had instituted against Morgan Stanley. Marks further sought a declaratory judgment regarding his right of access to the courts, and asked the court to disqualify Morgan Stanley's counsel. Marks' two cases were consolidated before the common pleas court.
 {¶ 4} The defendants filed motions to compel arbitration and to stay discovery, basing their motions on arbitration clauses contained in two documents which Marks executed at the commencement of his employment. On January 30, 2004, the court issued orders ruling on these motions as follows:
 {¶ 5} "Discovery as to all issues in both cases is to proceed.
 {¶ 6} "The trial dated June 14, 2004 is stayed, which date shall be used for the hearing on the motion for arbitration and the motion to disqualify is to be 6-14-04 @ 1:30 p.m.
 {¶ 7} "* * * Motion #240800 Motion to Compel Arbitration and to Stay discovery is denied in part hearing set 6-14-04. Discovery to proceed. * * *"
 {¶ 8} Defendants-appellants appealed from these orders.
 {¶ 9} Appellee moved this court to dismiss the appeal, arguing that the trial court's orders were not final and appealable because the court had not yet ruled on the motion to compel arbitration. Appellants contended that the orders were final and appealable because "they denied Appellants' Motion to Stay Proceedings and Motion to Compel Arbitration," likening the ruling to the grant or denial of a stay of proceedings to permit arbitration. This court denied the motion to dismiss, without opinion.
 {¶ 10} Closer examination of the underlying motions and the common pleas court rulings reveals that the judgment entries from which appellants have appealed do not deny a motion to stay proceedings pending arbitration as appellant argued. In each of their three motions to stay discovery, appellants expressly asked the court to stay discovery pending a ruling on their motion tocompel arbitration. The denial of these motions did not expressly or impliedly rule on the motions to compel arbitration. Rather, the court set the motions to compel arbitration for hearing.[1] The court only refused to stay discovery during the pendency of the motions to compel arbitration. This order is not appealable pursuant to R.C. 2711.02(C).
 {¶ 11} Nor is the order denying a stay appealable under any provision of R.C. 2505.02. "An order denying a stay clearly is not an order that determines the action, is made in a special proceeding (i.e., was unknown at common law), vacates or sets aside a judgment or grants a new trial, or determines class action status. Consequently, it is final and appealable only if it grants or denies a `provisional remedy' and meets the further conditions of R.C. 2505.02(B)(4)(a) and (b)." Cleveland v.Zakaib (Oct. 12, 2000), Cuyahoga App. Nos. 76928, 76929, 76930.
 {¶ 12} A "provisional remedy" is statutorily defined as a "proceeding ancillary to an action, including but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence." R.C.2505.02(A)(3). An ancillary proceeding is one that is attendant upon or aids another proceeding, and is subordinate to it. Statev. Muncie, 91 Ohio St.3d 440, 449, 2001-Ohio-93. In a sense, every ruling can be said to "aid" the proceedings. However, to think of provisional remedies in this way would allow the exception to swallow the rule that interlocutory orders generally are not appealable. The legislature's inclusion of specific examples of provisional remedies indicates that a more limited meaning was intended.
 {¶ 13} A recurring theme in the statutory and dictionary definitions of the term "provisional remedy" "is that a provisional remedy protects one party against irreparable harm by another party during the pendency of the litigation." Duryee v.Rogers (Dec. 16, 1999), Cuyahoga App. No. 74963. We cannot characterize a request for a stay of discovery pending a ruling on a motion to compel arbitration as a means of preventing irreparable harm. The purpose — as stated by appellants in their motion to stay discovery — was to prevent duplicative discovery in the court proceedings and the anticipated arbitration proceedings. The potential for duplicative discovery is not an irreparable harm; it is at worst annoying and burdensome. Furthermore, nothing prevents the parties from avoiding duplication by using discovery obtained through court proceedings in any later arbitration proceedings. Therefore, we hold that a stay of discovery is not a "provisional remedy," the denial of which is subject to immediate appeal pursuant to R.C.2505.02(B)(4).[2]
 {¶ 14} Having determined that the court's orders are not final and appealable, we do not have jurisdiction to address any of appellants' arguments why appellee should be compelled to arbitrate his claims.
Appeal dismissed.
This cause is dismissed.
It is, therefore, considered that said appellee recover of said appellant its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J. Concurs.
 McMonagle, P.J. Dissents. (See Separate Dissenting Opinion)
[1] The nature of appellants' motion distinguishes this case from Oncology Div. Of UIMA, Inc. V. Community Ins. Co.,
Hamilton App. No. C-020056, 2002-Ohio-4800, ¶ 7, in which the denial of a motion to stay proceedings pending arbitration was found to be final and appealable.
[2] Appellants could still ask the court to narrow the scope of discovery, for example, by moving the court for a protective order to limit discovery to matters encompassed by their motion to compel arbitration.
 DISSENTING OPINION